## LOW v. CARTER.

A conveyance, made in good faith, and for an adequate consideration, by a husband to a trustee, for his wife and children, is not void against creditors because it secures an estate for life to the husband in case he should survive his wife.

WRIT OF ENTRY. The demandant claimed the land by virtue of an indenture executed by Aaron Carter and Eliza Carter his wife on the one part, and the said Low on the other, by which the said Aaron and Eliza, in consideration that the said Eliza had assigned and relinquished to the New Hampshire Asylum for the Insane her right of dower in certain lands before owned by said Aaron, conveyed to said Low and his heirs the demanded premises to hold upon trust, that said Low and his heirs should hold the same, during the natural life of the said Eliza, to her sole and separate use, notwithstanding her coverture; and, in case

36*

the said Aaron should survive the said Eliza, then to hold the same during the natural life of said Aaron to his use, and from and after the death of said Eliza and Aaron, in trust for the children of said Eliza and Aaron, or the survivor of them and their heirs forever; and with power to sell and reinvest the proceeds as said Aaron and Eliza, or said Eliza, after the decease of said Aaron, should in writing direct.

The tenant claimed the same premises by virtue of a levy of execution issued on a judgment recovered by him against said Aaron Carter. It appeared that the tenant was in fact a creditor of Aaron Carter, and said Aaron and his wife are both living.

The defendant objected that the indenture under which the demandant claims is void as against the tenant, because it secures an estate and interest to Aaron Carter; but the Court overruled the objection, to which the tenant excepted.

The tenant moved to set aside the verdict returned for the demandant for that cause.

*Ainsworth,* for the demandant.

*Pierce & Minot,* for the tenant.

BELL, J.[*] Secret trusts for the benefit of a grantor under the conveyance are fraudulent, as against his creditors. *Coburn* v. *Pickering,* 3 N. H. Rep. 415. This principle is without application to this case, because, though there is a trust for the benefit of the grantor, yet that trust is not secret. It is open, avowed upon the face of the indenture, and spread upon the face of the public records. None of the mischiefs likely to result from secret trusts can arise in this case, because the interests intended to be conveyed are so distinctly stated, that creditors and others may take notice of the true position of the case without difficulty. Two things are necessary to render a conveyance effectual against creditors, — a good consideration and good faith. Neither is

[*] Perley, J., having been of counsel, did not sit.

wanting here. The deed recites the consideration of the conveyance, the release of the wife's dower in other land, which the husband was desirous to convey without the incumbrance of dower, and the evidence sustains the recital. It appears this was a valuable consideration, and sufficient to cover the interest conveyed by the indenture to the wife and her children. *Bullard* v. *Briggs,* 7 Pick. 533. The conveyance might be impeached on the ground of inadequacy of consideration, if it was merely colorable or insufficient; but no attack is made upon it on this ground. It is not even suggested that the release of dower is not a fair equivalent for all the interest secured to the wife and her children by this conveyance. The transaction might also be impeached on the ground of want of good faith or actual fraudulent design in the conveyance, but this is not attempted. Neither is there here any foundation for a suggestion, that the effect of the conveyance is to defeat or delay creditors in their efforts to avail themselves of the property of the husband, whether designed or not. The interest secured to the husband is apparent on the face of the deed; and though it is a conveyance in trust, still, by our statutes, (Rev. Stat. ch. 184, § 1 and 5; Ib. ch. 195, § 1,) his interest may be attached and set off on execution, as if he had the legal estate.

*Judgment on the verdict.*